1  VORYS, SATER, SEYMOUR AND PEASE LLP
   Jocelyn M. Hoffman (SBN 332297)
2  jmhoffman@vorys.com
   2211 Michelson Drive, Suite 500
3  Irvine, CA 92612
   Telephone:  (949) 526-7906
4  Facsimile:   (949) 526-7906

5
   Attorneys for Defendant
6  ZWILLING J.A. HENCKELS, LLC

7

8           UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11 | REBEKA RODRIGUEZ, individually and | Case No.:
12 | on behalf of all others similarly situated, |
                                                | Removed from Los Angeles County
13 |                  Plaintiff,                 | Superior Court; Case No. 25STCV05246
14 |           vs.                               | **DEFENDANT ZWILLING J.A.
                                                | HENCKELS, LLC'S NOTICE OF
15 | ZWILLING J.A. HENCKELS, LLC, a             | REMOVAL**
   | Delaware company, d/b/a
16 | WWW.ZWILLING.COM,                           |
                                                | Action Filed:  February 25, 2025
17 |                  Defendant.                 | Removal Date:  April 2, 2025

18

19

20    TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF

21 REBEKA RODRIGUEZ AND HER ATTORNEYS OF RECORD:

22    PLEASE TAKE NOTICE that Defendant Zwilling J.A. Henckels, LLC

23 ("Defendant") hereby removes the above-captioned action from the Superior Court for

24 the State of California, County of Los Angeles, to the United States District Court for

25 the Central District of California, Western Division, pursuant to 28 U.S.C. Sections

26 1332(a) and (d), 1441, and 1446.

27    As required by 28 U.S.C. Section 1446(d), Defendant will file in the Superior

28 Court and serve upon Plaintiff Rebeka Rodriguez ("Plaintiff") and her counsel of record

1
DEFENDANT'S NOTICE OF REMOVAL


a Notice to Superior Court of Removal of Civil Action to Federal Court (with these removal papers attached).

In support of this Notice of Removal, Defendant states the following:

## PROCEDURAL HISTORY

1. Plaintiff filed her Complaint, captioned *REBEKA RODRIGUEZ, individually and on behalf of all others similarly situated v. ZWILLING J.A. HENCKELS, LLC, a Delaware company, d/b/a WWW.ZWILLING.COM,* Case No. 25STCV05246, in the Superior Court for the State of California for the County of Los Angeles (the "State Court Action") on February 25, 2025. A true and correct copy of the Complaint, including the Civil Case Cover Sheet, Summons, and Notice and Acknowledgement of Receipt, are attached as **Exhibit 1** ("Complaint").

2. The Complaint, Civil Case Cover Sheet, and Summons were deemed served on Defendant on the date of the Notice and Acknowledgement of Receipt—March 14, 2025. *See* **Exhibit 1**; *see also* Cal. Civ. Proc. Code § 415.30(c); *Bd. of Trs. of Leland Standford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 337 (Ct. App. 2013) ("Service is complete on the date the recipient signs the acknowledgement of receipt.").

## STATEMENT OF JURISDICTION

3. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of 100 or more putative class members is a citizen of a state different from any defendant and the amount in controversy for the putative class members in the aggregate exceeds $5 million, exclusive of interest and costs. CAFA authorizes removal of such actions pursuant to 28 U.S.C. Section 1446. As set forth below, this case meets all CAFA requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

4. CAFA applies to actions that were "commenced" on or after February 18, 2005. Because Plaintiff filed the State Court Action on February 25, 2025, it was

"commenced" on or after February 18, 2005, and removal is proper under CAFA.

**TIMELINESS OF REMOVAL**

5.   Defendant filed this removal within 30 days of Notice of Acknowledgement and Receipt on March 14, 2025.[1] *See* **Exhibit 1**. Thus, this removal is timely pursuant to 28 U.S.C. Section 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

**DIVISIONAL ASSIGNMENT**

6.   Plaintiff originally filed this action in the Superior Court for the State of California, County of Los Angeles. This action is properly removed to this judicial district and division, pursuant to 28 U.S.C. Section 1441(a) because it encompasses the county in which this action is pending.

**PROCEDURAL REQUIREMENTS**

7.   Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached to this Notice of Removal as **Exhibit 1**.[2] Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Los Angeles.

8.   Zwilling J.A. Henckels, LLC is the only named Defendant, and therefore no other party is required to consent to removal.

**DEFENSES**

9.   The removal of this action to the Central District of California does not waive Defendant's ability to assert any defense to this action, including the right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure, stay this action, or to move to transfer venue pursuant to 28 U.S.C. Section 1404.

---

[1] The removal deadline is April 13, 2024, which is a Sunday. Federal Rule of Civil Procedure 6(a)(1)(C) provides that "if the last day [of a filing deadline] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

[2] In conformity with the requirement of 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action, including the Complaint and Summons, are attached.

# REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

**A.   Plaintiff's Action Is Pled as a Class Action.**

10.   Under CAFA, "'class action' means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

11.   The State Court Action has been styled as a class action, pursuant to California Code of Civil Procedure Section 382. (*See* Complaint at Caption and ¶ 19.) California Code of Civil Procedure Section 382 authorizes an action to be brought by one or more representative persons as a class action. *See* Cal. Civ. Proc. Code § 382.

**B.   The Proposed Class Contains at Least 100 Members.**

12.   Pursuant to 28 U.S.C. Section 1332(d)(5)(B), district courts will have original jurisdiction over a class action case under CAFA if the number of members of the putative plaintiff class is not less than 100.

13.   This requirement is met here. Plaintiff's Complaint proposes a class of "[a]ll California citizens who visited Defendant's Website while physically in California and whose personal information was share with TikTok or other third parties by Defendant without effective and informed prior consent." (Complaint ¶ 19.)

14.   Defendant's records show that the size of the potential class meets CAFA requirements. Over the statutory period, February 26, 2024 to February 25, 2025, Defendant's records reveal that the website was visited in excess of 1,000 times from within the State of California. Thus, Plaintiff's Complaint and Defendant's records establish that the number of potential class members likely exceeds the minimal threshold for CAFA jurisdiction.

**C.   There Is Diversity Between at Least One Putative Class Member and One Defendant.**

15.   CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28

1  U.S.C. sections 1332(d)(2)(A), 1453(b).  Minimal diversity of citizenship exists here between Plaintiff and Defendant.

16. Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 750–51 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 519–20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. Mar. 18, 2008) (place of residence provides "prima facie" case of domicile).

17. Upon information and belief, Plaintiff is, and at the time of the commencement of this action was, a resident of the State of California.  (Complaint ¶ 4.) For diversity purposes, a person's citizenship is determined by the state in which she is domiciled. *See Lew*, 797 F.2d at 749–50. "A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Id.*  Plaintiff's Complaint establishes that she has a fixed habitation in California.  (*Id.*) Because Plaintiff is domiciled in California, Plaintiff is a citizen of California.  *See Ehrman v. Cox Commc'ns*, 932 F.3d 1223, 1228 (9th Cir. 2019) ("Accepting the truth of [Defendant] Cox's allegations, [Plaintiff] Ehrman 'is a citizen of California.'").

18. Defendant, as a limited liability company, "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant's sole member is Zwilling J.A. Henckels, AG, a German corporation.

19. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. Section 1332(c)(1). A corporation's principal place of business is its "nerve center," where its senior officers "direct, control, and coordinate

the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

20. Zwilling J.A. Henckels, AG is a German corporation incorporated under the laws of Germany. Its corporate headquarters are located in Solingen, Germany. Defendant is neither incorporated in California, nor does it have a principal place of business in California.

21. Because Plaintiff is a citizen of California, and Defendant is a citizen of Germany, minimal diversity exists for federal jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

**D.     The Amount in Controversy Exceeds $5,000,000.[3]**

22. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5 million. *See* 28 U.S.C. § 1332(d).

23. The removal statute requires that a defendant seeking to remove a case to federal court file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Importantly, "'no antiremoval presumption attends cases invoking CAFA,' in part because the statute was enacted 'to facilitate adjudication of certain class actions in federal court.'" *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 898, 993–94 (9th Cir. 2022) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84–85 (2014)). Rather, "CAFA's provisions should be read ***broadly***, with a ***strong preference*** that interstate class actions should be heard in federal court if properly removed by any defendant." *Id.* at 993 (emphasis added).

24. Plaintiff's Complaint does not specify the amount in controversy. Plaintiff's failure to specify does not deprive this Court of jurisdiction. Rather, when the plaintiff fails to plead a specific amount of damages, the defendant seeking removal "must prove by a preponderance of the evidence that the amount in controversy

---

[3] Defendant provides the following calculations only to demonstrate that the amount in controversy exceeds $5 million. Defendant makes no admission of liability or damages with respect to any aspect of this case, nor does Defendant waive the right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail on any of her claims.

requirement has been met." *See Rodriguez v. AT&T Mobility Servs.*, 728 F.3d 975, 977 (9th Cir. 2013) ("[T]he proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.").

25. This burden is not onerous and does not obligate a removing defendant to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204–05 (E.D. Cal. 2008). Rather, "[t]he 'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). In determining the amount in controversy under CAFA, all potential damages based on the claims in the complaint, as well as attorneys' fees, are included. *See Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (in measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint") (quotations and citations omitted).

26. The United States Supreme Court has held that "as specified in Section 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Supporting evidence is required only if and when the plaintiff contests or the court questions the allegations of the notice of removal. *See id.* Otherwise, "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 87.

27. In establishing the amount in controversy, a removing party is entitled to make reasonable assumptions. *Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *see also Oda v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW (JPRx) and 2:14-cv-07469-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *10 (C.D. Cal. Jan. 7, 2015) ("Where, as here, a plaintiff makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable

7
DEFENDANT'S NOTICE OF REMOVAL

assumptions.").

28. Moreover, Congress intended that any uncertainty of the removability of an interstate class action be resolved in favor of federal jurisdiction. *See* S. REP. No. 109-14, pt. VI, at 42 (2005) ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case.").

29. In sum, Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, and notwithstanding Plaintiff's failure to allege the total amount of damages claimed, the amount in controversy as alleged by Plaintiff in this case exceeds $5,000,000.

30. First, Plaintiff seeks to recover statutory damages for each member of the proposed class. (*See* Complaint at "Prayer" subparagraph 2.) Under Cal. Penal Code § 637.2(a)(1), statutory damages are "[f]ive thousand dollars ($5,000) per violation." As set forth in Paragraph 14, the website was visited in excess of 1,000 times within the statutory period. While it is unknown at this time the exact number of individual users, or putative class members, that visited the website, it is known that the website was visited more than 1,000 times and it is therefore reasonable to believe that the proposed class exceeds 1,000 members. Thus, the total amount of statutory damages is likely to exceed $5,000,000.

31. Second, Plaintiff seeks to recover attorneys' fees. (*See* Complaint at "Prayer" subparagraph 3.) Under CAFA, attorneys' fees are included in determining the amount in controversy, regardless of whether they are mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); *see also Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) (holding a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met); *Dawsey v. Travelers Indem. Co.*, No. 3:15-cv-05188-RBL, 2015 U.S. Dist. LEXIS 93051, at *2–3, 7 (W.D. Wash. July 16, 2015) (calculating both statutory and "reasonable" attorneys' fees to determine the amount in controversy under CAFA). For

class action settlements, the Ninth Circuit has found that 25% of the common fund is a reasonable attorneys' fees award. *See id.* at *7 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("benchmark" level for reasonable attorneys' fees in class actions in the Ninth Circuit is 25%)).

32. Therefore, "[i]f Defendant can establish by a preponderance of the evidence that the [amount in controversy is] at least $4 million, the addition of twenty-five percent in attorneys' fees would necessarily meet the $5 million amount in controversy requirement under CAFA." *Garcia v. Wal-Mart Stores*, No. 16-01645-BRO (RAO), 2016 U.S. Dist. LEXIS 142807, at *18 (C.D. Cal. Oct. 14, 2016) (citing *Garibay v. Archstone Cmtys.*, 539 F. App'x 763, 764 (9th Cir. 2013)).

33. Here, as set forth above, there is "substantial, plausible evidence" that the amount in controversy in Plaintiff's first, and only, cause of action in the Complaint exceeds $5,000,000. A reasonable estimate of Plaintiff's attorneys' fees would likely exceed $1,250,000, which is 25% $5,000,000. Thus, a conservative calculation of the amount in controversy, based on the allegations in Plaintiff's Complaint and the data known by Defendant as included herein, is likely to exceed **$6,250,000**.

34. Although Defendant specifically denies Plaintiff's claims and denies Plaintiff is entitled to recover any of the relief he seeks, it is clear from the allegations in the Complaint and the scope of the relief sought that the amount in controversy exceeds the $5,000,000.00 jurisdictional threshold of 28 U.S.C. § 1332(d).

## **CONCLUSION**

35. Based on the foregoing, Defendant respectfully requests that the Court remove the above-entitled action to federal court.

/ / /

| | | |
|---|---|---|
| DATED: April 2, 2025 | | VORYS, SATER, SEYMOUR AND PEASE LLP |
| | | By: /s/ *Jocelyn M. Hoffman* |
| | | Jocelyn M. Hoffman |
| | | Attorney for Defendant |
| | | ZWILLING J.A. HENCKELS, LLC |

DEFENDANT'S NOTICE OF REMOVAL